Filed 12/20/23  Yavapai-Apache Nation v. La Posta Band of Diegueno Mission Indians CA3

# NOT TO BE PUBLISHED

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| YAVAPAI-APACHE NATION, | C098204 |
| Plaintiff and Respondent, | (Super. Ct. No. 34-2018-00238711-CU-MC-GDS) |
| v. | |
| LA POSTA BAND OF DIEGUENO MISSION INDIANS, | |
| Defendant and Appellant, | |
| CALIFORNIA GAMBLING CONTROL COMMISSION, | |
| Defendant and Respondent. | |

This appeal concerns a party's attempt to obtain an antisuit injunction.  Yavapai-Apache Nation (YAN) has pursued parallel litigation against La Posta Band of Diegueno Mission Indians (La Posta) in both state court and tribal court.  Seeking to pause the tribal court proceedings, La Posta asked the state trial court to enjoin YAN from pursuing its claims in tribal court.  But the trial court declined to do so.  We affirm.

1

BACKGROUND

We recently covered most of this case's long history in *Yavapai-Apache Nation v. La Posta Band of Diegueno Mission Indians* (Apr. 6, 2022, C091801) [nonpub. opn.]—a decision we will call, like the parties, *La Posta II*. We provide a brief summary of this history here.

I

*YAN's Three Suits Against La Posta*

Over a decade ago, YAN and La Posta entered into an agreement that required La Posta to repay a loan used to finance a casino. (*La Posta II, supra*, C091801.) Under the terms of the agreement, if La Posta failed to pay its debt, YAN's sole recourse in most circumstances would be to seize La Posta's casino revenues, casino equipment, and other casino-related assets. But the agreement also authorized YAN to pursue La Posta's other assets if a court made a "final determination" that La Posta committed any act of fraud in connection with the parties' agreement. (*Ibid.*)

After La Posta failed to repay the loan, YAN sued La Posta in three different courts. In the first suit, YAN sued La Posta in San Diego County Superior Court, alleging that La Posta breached the parties' agreement. (*La Posta II, supra*, C091801.) YAN also alleged that La Posta committed an act of fraud in connection with the parties' agreement, reasoning that La Posta intentionally misrepresented a material fact about its planned operation of the casino. Following a bench trial for the contract claim, the trial court agreed that La Posta breached the contract and awarded YAN nearly $49 million on that claim. But after a jury trial for the fraud claim, the jury rejected YAN's claim of intentional misrepresentation, finding in a special verdict that La Posta did not make any false representation to YAN. (*Ibid.*)

In the second suit, YAN sued La Posta in YAN Tribal Court. (*La Posta II, supra*, C091801.) As in the San Diego action, YAN sought to show that La Posta committed an act of fraud in connection with the parties' agreement. But in this case, YAN alleged,

among other things, that La Posta negligently, not intentionally, misrepresented a material fact—a claim it based on largely the same set of facts as its earlier intentional misrepresentation claim. In a 2018 decision, the tribal court agreed La Posta committed an act of negligent misrepresentation and awarded YAN damages on that claim. But it did not resolve all claims that YAN had brought against La Posta, reserving one of YAN's claims—a claim for declaratory relief—for another day. (*Ibid.*)

In the third and final suit, YAN sued La Posta and the California Gambling Control Commission (the Gambling Commission) in Sacramento County Superior Court. (*La Posta II, supra*, C091801.) YAN asked the court to declare that the Gambling Commission—which collects revenue from tribes with large gambling operations and distributes it to other tribes, like La Posta, with small or no gambling operations—must pay to YAN all the money that it otherwise would have distributed to La Posta until La Posta's debt is repaid. YAN based its argument on the terms of the parties' agreement and the tribal court's decision. According to YAN, although the agreement generally bars YAN from reaching these assets, it allows YAN to recover the amount it is owed from these assets if a court makes a "final determination" that La Posta committed an act of fraud in connection with the agreement. YAN then asserted that the YAN Tribal Court made such a final determination when it found that La Posta committed an act of negligent misrepresentation. After YAN moved for summary judgment, the trial court agreed with YAN's claim and entered judgment in its favor. (*Ibid.*)

II

*Our 2022 Decision and Its Aftermath*

La Posta appealed the last of these decisions to this court. It argued that the trial court's decision was flawed for several reasons, including because the tribal court's decision—which resolved some but not all of YAN's claims—was not a final judgment under the tribal court's own rules and so not a "final determination" within the meaning of the parties' agreement. (*La Posta II, supra*, C091801.) In a narrow decision, we

3

agreed reversal was appropriate. "Although we stop[ped] short of accepting La Posta's reading of tribal law, we agree[d] that uncertainties concerning the status of the tribal court's decision preclude[d] a judgment in YAN's favor." We reasoned that "YAN failed to meet its burden to show that the tribal court's decision was a 'final determination' within the meaning of the parties' agreement . . . ." (*Ibid.*)

Following our decision, YAN and La Posta filed competing motions in different courts. YAN moved in tribal court for a final judgment on all its causes of action, including its request for declaratory relief that the tribal court had not yet addressed. La Posta, in turn, asked the trial court to enjoin YAN from pursuing its claims in tribal court. It also asked the trial court to grant it summary judgment on various grounds, including on the ground that YAN had not shown, and would never be able to show, that the tribal court's decision was a "final determination" under the parties' agreement.

Before the trial court acted on La Posta's request for an injunction, the YAN Tribal Court ruled on YAN's motion. In a 2023 decision labeled as a final judgment, the tribal court agreed YAN was entitled to the declaratory relief it sought, which concerned YAN's entitlement to the revenues that the Gambling Commission distributes to La Posta. The court also, consistent with its earlier decision in 2018, found that La Posta committed an act of negligent misrepresentation and awarded YAN damages on that claim.

The trial court afterward denied La Posta's motion for an injunction. To start, the court found La Posta's motion "appears moot" because "the very event which La Posta sought to have this Court enjoin . . . has now occurred." It then found La Posta's motion failed for two independent reasons. First, it found La Posta failed to meet its burden to show that an antisuit injunction was appropriate, because it had not articulated the requisite "exceptional circumstances" for an antisuit injunction. Second, it found La Posta also failed to meet its burden to show an injunction was appropriate under the

4

traditional standards for a preliminary injunction, reasoning that it had not shown it would suffer irreparable harm absent the injunction.

La Posta timely appealed the trial court's decision.[1]

DISCUSSION

La Posta raises four general claims on appeal, none of which we find persuasive.

*First*, La Posta contends the trial court misapplied the standard for injunctive relief. The trial court described a two-step process for considering a preliminary injunction motion: First, the moving party must make a threshold showing of irreparable injury, and second, if this showing is made, the court must then consider two interrelated factors—(1) the likelihood that the moving party will prevail on the merits, and (2) the relative interim harm to the parties from issuance or non-issuance of the injunction. Ultimately, the trial court denied La Posta's requested relief in part because it believed La Posta had not satisfied the first step of showing irreparable harm. In La Posta's view, however, the actual standard for an injunction is different: While courts must consider the two interrelated factors the trial court described, they do not require a threshold showing of irreparable injury. La Posta adds that under the proper standard, the trial court should have granted the requested injunction.

La Posta, however, neglects to mention that the trial court denied its requested relief for two distinct reasons. One of the reasons is the one La Posta mentions—the trial court faulted La Posta for failing to make a threshold showing of irreparable injury. But the court also relied on another ground—La Posta failed to show that exceptional

_____

[1] La Posta asks us to take judicial notice of several documents from the tribal court, including three briefs, a scheduling order for briefing, and an order scheduling oral argument. We deny the request. To obtain judicial notice from a reviewing court, a party must file a motion stating, among other things, why the matters to be noticed are relevant to the appeal. (Cal. Rules of Court, rule 8.252(a).) Because La Posta has not explained the relevance of the materials here, it has not shown that judicial notice is appropriate.

circumstances favored granting the injunction. The court reasoned that La Posta had to make this showing because of the unusual relief it sought—an order enjoining YAN from litigating its claims in another jurisdiction. And the court was right on that point. As our Supreme Court has explained in discussing antisuit injunctions, enjoining proceedings in another sovereign's courts "requires an exceptional circumstance that outweighs the threat to judicial restraint and comity principles." (*Advanced Bionics Corp. v. Medtronic, Inc.* (2002) 29 Cal.4th 697, 707-708.)

We find La Posta's failure to challenge this independent ground for the trial court's decision is fatal to its claim on appeal. La Posta has the burden as the appellant to show that the trial court got it wrong. (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564 [" '[a] judgment or order of the lower court is *presumed correct*" and " 'error must be affirmatively shown' "].) It cannot meet this burden by attacking only one of several independent grounds for the trial court's decision. As another court has said, and as YAN notes in its brief, "[w]hen a trial court states multiple grounds for its ruling and appellant addresses only some of them, we need not address appellant's arguments because 'one good reason is sufficient to sustain the order from which the appeal was taken.' " (*People v. JTH Tax, Inc.* (2013) 212 Cal.App.4th 1219, 1237.)

Resisting this conclusion, La Posta claims it sought two alternative types of relief from the trial court—an antisuit injunction and, in the alternative, a preliminary injunction. It then argues that it is not challenging the trial court's ruling denying injunctive relief under antisuit injunction principles; it is instead only challenging the trial court's ruling denying injunctive relief under preliminary injunction principles. But in its notice of motion and motion in the trial court, La Posta sought only one type of relief— an antisuit injunction (which it characterized as a type of preliminary injunction) that would "(1) enjoin YAN from litigating in YAN Court and (2) require YAN to litigate its claims in this forum on remand." While La Posta discussed in its motion both the traditional standards for a preliminary injunction and the "heightened" standards for an

6

antisuit injunction, it evidently did so because it believed it needed to satisfy both standards to obtain the injunction it sought, not because it sought two distinct types of injunctions.

We acknowledge, however, that La Posta expanded the type of relief it sought in its reply in the trial court, including by requesting, as "[a]lternative[]" relief, an order enjoining YAN from submitting any post-2018 materials from the tribal court. But La Posta only mentioned this alternative relief in the conclusion to its reply brief and supplied no supportive argument. The trial court did not consider, and had no obligation to consider, this belatedly raised and unsupported request. (See Cal. Rules of Court, rules 3.1110(a) ["A notice of motion must state in the opening paragraph the nature of the order being sought and the grounds for issuance of the order"], 3.1113(b) [party filing a motion must submit a memorandum containing the "arguments relied on"]; *Grappo v. McMills* (2017) 11 Cal.App.5th 996, 1009 [trial courts have discretion whether to "accept arguments or evidence made for the first time in reply"].)

*Second*, La Posta contends the trial court misinterpreted "*La Posta II* to mean that this Court advised YAN to return to its own court and resume the YAN Court Action to obtain a 'final' judgment." It further asserts that YAN admitted at oral argument in *La Posta II* "that the YAN Action was abandoned" and so "it is highly unlikely that this Court anticipated that YAN would return to its own court and resume its seven year old lawsuit to obtain a new YAN Court judgment, then return to Sacramento to restart its lawsuit." La Posta, however, misunderstands both the trial court's ruling and YAN's statements at oral argument.

Starting with the trial court's ruling, the court never said our prior decision "advised" YAN to return to its own court to obtain a final judgment. The court instead quoted part of our decision that left open the possibility of YAN obtaining additional records on remand. In our decision, we found that YAN had failed to meet its burden to show that the tribal court's decision was a "final determination" within the meaning of

7

the parties' agreement. But, as the trial court explained, we left open the possibility that YAN could obtain tribal court records to make this showing in the future. (*La Posta II, supra*, C091801.) The trial court quoted our statement on this topic and observed that, after our decision, YAN logically returned to the tribal court and moved for a final judgment. We find nothing improper in the court's saying so.

Turning to YAN's statements at oral argument, YAN never said it abandoned the tribal court action. It instead only said it abandoned a single claim in that action—namely, its claim for declaratory relief that the tribal court had, at that time, not yet resolved. We agree, however, that YAN has not acted fully consistent with this statement. At oral argument in *La Posta II*, YAN said: "[T]he declaration issue, you know, was not resolved at the time [the tribal court issued its initial decision in 2018]. Now, your honor, this has been more than four years ago. . . . So, I think that claim has been abandoned. No party has made any effort to address that claim. You can't just let a claim sit there forever." But shortly after our decision in *La Posta II*, YAN "revers[ed] course," as YAN acknowledges in its briefing here. It asked for (and then received) a ruling in its favor on this allegedly abandoned claim. Although YAN changed course, La Posta has not shown that any of this is legally material. It comments, again, that "it is highly unlikely that this Court anticipated" YAN's conduct on remand. But that comment, offered without any supportive legal authority, is not enough to warrant reversal. (See *United Grand Corp. v. Malibu Hillbillies, LLC* (2019) 36 Cal.App.5th 142, 153 [courts may " 'disregard conclusory arguments that are not supported by pertinent legal authority or fail to disclose the reasoning by which the appellant reached the conclusions he wants us to adopt' "].)

*Third*, La Posta asserts the trial court's decision was flawed to the extent it relied on the YAN Tribal Court's 2023 decision. It reasons that the trial court, before relying on the tribal court's decision, first needed to apply either principles of comity or the procedures in the Tribal Civil Court Money Judgment Act (Code Civ. Proc., § 1730 et

8

seq.). But the trial court did not, as La Posta believes, rely on the tribal court's decision. The trial court, to be sure, noted the decision's existence and said this matter "appears moot" because the tribal court already issued the decision that La Posta sought to avoid. But it stopped short of saying the matter was moot and ultimately rejected La Posta's motion for reasons unrelated to the tribal court's 2023 decision.

*Fourth*, La Posta contends the trial court relied on an inapplicable provision when it granted judicial notice of the tribal court's 2023 decision. La Posta asserts that YAN sought judicial notice of the decision on two grounds: first, because it is a record of either "(1) any court of this state or (2) any court of record of the United States or of any state of the United States" (Evid. Code, § 452, subd. (d)); and second, because it is a fact that is "not reasonably subject to dispute and [is] capable of immediate and accurate determination by resort to sources of reasonably indisputable accuracy" (*id.*, subd. (h)). La Posta then suggests that the trial court wrongly took judicial notice of the decision under the latter provision, Evidence Code section 452, subdivision (h). But La Posta fails to provide record citations to support this claim. At the one citation it provides, the trial court stated: "La Posta's objections to YAN's requests for judicial notice of various Court and Tribal Court orders are overruled." But nothing in this one sentence, considered alone, shows that the trial court granted judicial notice under Evidence Code section 452, subdivision (h).

Apart from addressing La Posta's arguments, we acknowledge that after this appeal was deemed submitted, La Posta informed this court that the Court of Appeals of the Yavapai-Apache Nation had vacated the tribal court's decision and dismissed YAN's complaint with prejudice. The parties can address the significance of this decision on remand.

9

## DISPOSITION

The order denying La Posta's motion for an injunction is affirmed.  YAN is entitled to recover its costs on appeal.  (Cal. Rules of Court, rule 8.278(a).)

                                                                         _____/s/_____

                                                                        BOULWARE EURIE, J.

We concur:

_____/s/_____
EARL, P. J.

_____/s/_____
MAURO, J.